UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JESSE LEE,
    Plaintiff,

vs.                                08-1016, (consolidated with 08-1021, 08-1030, 08-1034)

JOSEPH MATHY, et.al.,
    Defendants.

## SUMMARY JUDGEMENT ORDER

This cause is before the court for consideration of the defendants motion for summary judgement. [d/e 28].

### I. BACKGROUND

The plaintiff, a pro se prisoner, originally filed four lawsuits pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at the Pontiac Correctional Center. On February 4, 2008, the court consolidated the cases and found that the plaintiff had the following claims

> 1) Defendants Mathy, Jones, Brocket, Tangman and Gilbert violated his First Amendment right to meaningful access to the courts when they repeatedly took legal documents from his cell;
> 2) Defendants Mathy, Jones, Brocket, Tangman and Gilbert violated the plaintiff's Eighth Amendment rights when they took his mattress, sheets and various other property;
> 3) Defendants Mathy, Jones, Brocket, Tangman and Gilbert violated the plaintiff's First Amendment rights when they retaliated against him for previous lawsuits; and
> 4) Defendants Tangman, Gilbert and Brockett used excessive force against the plaintiff when they pushed his head into his cell bars.

The claims are against the defendants in their individual capacities.

### II. FACTS

The plaintiff has not directly responded to the defendants' statement of undisputed facts. The Chairperson for the Office of Inmate Issues, Sherry Benton, says she has searched the records of the Administrative Review Board (herein ARB). Benton says she looked for grievances related to the plaintiff's four claims, but found none. "Jesse Lee did write letters to the ARB, but they were returned to him because they are not the proper way to file a grievance

under the Department Rules." (Def. Memo, Benton Aff, p. 4)

### III. LEGAL STANDARD

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56©.  Any discrepancies in the factual record should be evaluated in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)).  The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

"Summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events. *Johnson v. Cambridge Indus.*, Inc., 325 F.3d 892, 901 (7th Cir. 2000).  A party opposing summary judgment bears the burden to respond, not simply by resting on its own pleading but by "set[ting] out specific facts showing a genuine issue for trial." *See* Fed. R. Civ. P. 56(e).  In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  "If [the nonmovant] does not [meet his burden], summary judgment should, if appropriate, be entered against [the nonmovant]." Fed. R. Civ. P. 56(e).

Affidavits must be based on the personal knowledge of the affiant and "set out *facts* that would be admissible in evidence." Fed. R. Civ. P. 56(e) (emphasis added).  Personal knowledge may include inferences and opinions drawn from those facts. *Visser v. Packer Eng. Assoc., Inc.*, 924 F.2d 655, 659 (7th Cir. 1991).  "But the inferences and opinions must be grounded in observation or other first-hand personal experience.  They must not be based on flights of fancy, speculations, hunches, intuitions or rumors remote from that experience." *Visser*, 924 F.2d at 659.

### IV. ANALYSIS

The defendants state that the plaintiff has failed to exhaust his administrative remedies as required for his claims.   The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. §1997e(a).

The defendants have provided evidence that the plaintiff did not file appeal any grievances to the ARB concerning any of his claims. The plaintiff does not dispute the defendants' claim. However, the plaintiff says he has evidence to prove his claims and should be allowed to proceed. He also argues that the ARB should have responded to his letter.

The plaintiff's arguments are not persuasive. "A prisoner must complete all the administrative steps that the prison requires, and he must do so properly" *Oliver v Frank,* 2007 WL 737345 at 2 (7th Cir. March 9, 2007). This is a requirement before a plaintiff can file a lawsuit in federal court. Therefore, the court must dismiss the plaintiff's claims for failure to exhaust.

**IT IS THEREFORE ORDERED that:**

**1) The defendant's motion for summary judgement is granted pursuant to Fed. R. Civ. P. 56 for failure to exhaust administrative remedies. [d/e 28]   The clerk of the court is directed to enter judgment in favor of the defendants in accordance with this order. The parties are to bear their own costs. These cases are terminated.**

**2) If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4).  A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)©. If the plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal. Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another strike under 28 U.S.C. 1915(g).**

**3) The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available.  If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $350.00.**

**4) The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such a change.  Release from incarceration does not relieve the plaintiff of his obligation to pay the filing fee in full.**

**5) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

Entered this 23rd day of October, 2008.

                                **s\Harold A. Baker**
            _____
                                HAROLD A. BAKER
                         UNITED STATES DISTRICT JUDGE